UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LISA WEITZMAN,

                              Plaintiff,                    16CV3544(SJF)(SIL)
      -against-                                             **ANSWER WITH**
                                                            **<u>JURY DEMAND</u>**

LONG BEACH CITY SCHOOL DISTRICT,
SABRINA CANTORE, RANDIE BERGER,
VINCENT RUSSO, AMY TEEMER, KRISTEN
PIPITONE, RAQUEL LOPEZ, DANA D'ALESSIO,
And DAVID WEISS (in their individual and official
capacities),

                              Defendants.
------------------------------------------------------------------------X

        Defendants LONG BEACH CITY SCHOOL DISTRICT, SABRINA CANTORE,

RANDIE BERGER, VINCENT RUSSO, AMY TEEMER, KRISTEN PIPITONE, RAQUEL

LOPEZ, DANA D'ALESSIO, and DAVID WEISS (hereinafter collectively referred to as "the

defendants" or Defendants), by their attorneys, Silverman & Associates, respectfully submit this

as and for their Answer to the Complaint of the Plaintiff herein, respectfully set forth as follows,

upon information and belief:

        1.      Defendants deny the allegations set forth in Paragraph "1" of the Complaint except

                admit that Plaintiff purports to bring this action pursuant to the Statutes set forth

                therein.

        2.      Defendants deny the allegations set forth in Paragraph "2" of the Complaint except

                admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth

                therein.

        3.      Defendants deny the allegations set forth in Paragraph "3" of the Complaint except

admit that Plaintiff purports to invoke the supplemental jurisdiction of this Court as set forth therein.

4.      Defendants deny the allegations set forth in Paragraph "4" of the Complaint except admit that Plaintiff purports to establish venue as set forth therein.

5.      Defendant deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7.      Defendants admit the allegations set forth in Paragraph "7" of the Complaint.

8.      Defendants admit the allegations set forth in paragraph "8" of the Complaint.

9.      Defendants deny the allegations set forth in Paragraph "9" of the Complaint except admit that Defendant Sabrina Cantore is employed as the Executive Director of Pupil Personnel Service for the Long Beach City School District.

10.     Defendants deny the allegations set forth in Paragraph "10" of the Complaint except admit that Defendant Randie Berger was employed as the Executive Director of Human Resources for the Long Beach City School District.

11.     Defendants deny the allegations set forth in Paragraph "11" of the Complaint except admit that Defendant Vincent Russo is employed as the Middle School Coordinator of Special Education for the Long Beach City School District.

12.     Defendants deny the allegations set forth in Paragraph "12" of the Complaint except admit that Defendant Amy Teemer is employed by the Long Beach City School District as a Teaching Assistant.

13.     Defendants deny the allegations set forth in Paragraph "13" of the Complaint except

admit that Defendant Kristin Pipitone was employed by the Long Beach City School District as a part-time Teaching Assistant.

14.    Defendants deny the allegations set forth in Paragraph "14" of the Complaint except admit that Defendant Raquel Lopez was employed by the Long Beach City School District as a part-time teaching Assistant and is currently employed by the Long Beach City School District as a full time Data Specialist.

15.    Defendants deny the allegations set forth in Paragraph "15" of the Complaint except admit that Defendant Dana D'Alessio is employed by the Long Beach City School District as a part-time Teaching Assistant.

16.    Defendants deny the allegations set forth in Paragraph "16" of the Complaint except admit that Defendant David Weiss is the Superintendent of the Long Beach City School District.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18.    Defendants admit the allegations set forth in Paragraph "18" of the Complaint.

19.    The allegations set forth in Paragraph "19" of the Complaint constitute a legal conclusion to which no response is required.

20.    The allegations set forth in Paragraph "20" of the Complaint constitute a legal conclusion to which no response is required.

21.    The allegations set forth in Paragraph "21" of the Complaint constitute a legal conclusion to which no response is required.

22.    The allegations set forth in Paragraph "22" of the Complaint constitute a legal conclusion to which no response is required.

23.     The allegations set forth in Paragraph "23" constitute a legal conclusion to which no response is required.

24.     Defendants admit the allegations set forth in Paragraph "24' of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26.     Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph "28" of the Complaint except admit that Defendants Teemer, Pipitone, Lopez and D'Alessio were assigned to the ASD Class as teaching Assistants.

29.     Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34.     The allegations set forth in Paragraph "34" of the Complaint constitute a legal conclusion to which no response is required.

35.     Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36.     Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35" of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph "40."

41.     Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

43.     The allegations set forth in Paragraph "43" of the Complaint constitute a legal conclusion to which no response is required.

44.     Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45.     Defendants admit the allegations set forth in Paragraph "45" of the Complaint.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "47" of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51.     Defendants deny the allegation set forth in Paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56.     Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63.     The allegations set forth in Paragraph "63" of the Complaint constitute a legal conclusion to which no response is required.

64.     The allegations set forth in Paragraph "64" of the Complaint constitute a legal conclusion to which no response is required.

65.     Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66.     The allegations set forth in Paragraph "66" of the Complaint constitute a legal conclusion to which no response is required.

67.     Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph "70" of the Complaint.

71.     The allegations set forth in Paragraph "71" of the Complaint constitute a legal conclusion to which no response is required.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "72" of the Complaint.

73.     Defendants deny the allegations set forth in Paragraph "73" of the Complaint.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "74" of the Complaint.

75.     Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

76.     Defendants deny the allegations set forth in Paragraph "76" of the Complaint.

77.     Defendants admit the allegations set forth in Paragraph "77" of the Complaint.

78.     Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph "79" of the Complaint.

80.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "80" of the Complaint

81.     Defendants deny the allegations set forth in Paragraph "81" of the Complaint.

82.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "82" of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph "83" of the Complaint.

84.     The allegations set forth in Paragraph "84" of the Complaint constitute a legal conclusion to which no response is required.

85.     Defendants deny the allegations set forth in Paragraph "85" of the Complaint.

86.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "86" of the Complaint.

87.     Defendants deny the allegations set forth in paragraph "87" of the Complaint.

88.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "88" of the Complaint

89.     Defendants deny the allegations set forth in Paragraph "89" of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

91.     Defendants deny the allegations set forth in Paragraph "91" of the Complaint.

92.     Defendants deny the allegations set forth in Paragraph "92" of the Complaint.

93.     Defendants deny the allegations set forth in Paragraph "93" of the Complaint.

94.     Defendants deny the allegations set forth in Paragraph "94" of the Complaint.

95.     Defendants deny the allegations set forth in Paragraph "95" of the Complaint.

96.     Defendants deny the allegations set forth in Paragraph "96" of the Complaint.

97.     The allegations set forth in Paragraph "97" of the Complaint constitute a legal conclusion to which no response is required.

98.     Defendants deny the allegations set forth in Paragraph "98" of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph "99" of the Complaint.

100.    Defendants deny the allegations set forth in Paragraph "100" of the Complaint.

101.    Defendants deny the allegations set forth in Paragraph "101" of the Complaint.

102.    Defendants deny the allegations set forth in Paragraph "102" of the Complaint.

103.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "103" of the Complaint.

104.    Defendants deny the allegations set forth in Paragraph "104" of the Complaint.

105.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "105" of the Complaint.

106.    Defendants deny the allegations set forth in Paragraph "106" of the Complaint.

107.    The allegations set forth in Paragraph "107" of the Complaint constitute a legal conclusion to which no response is required.

108.    Defendants deny the allegations set forth in Paragraph "108" of the Complaint.

109.    Defendants deny the allegations set forth in Paragraph "109" of the Complaint.

110.    Defendants deny the allegations set forth in Paragraph "110" of the Complaint.

111.    Defendants deny the allegations set forth in Paragraph "111" of the Complaint.

112.    Defendants deny the allegations set forth in Paragraph "112" of the Complaint.

113.    Defendants deny the allegations set forth in Paragraph "113" of the Complaint

except admit that a meeting took place between Cantore and Plaintiff.

114. Defendants deny the allegations set forth in Paragraph "114" of the Complaint.

115. Defendants deny the allegations set forth in Paragraph "115" of the Complaint.

116. Defendants deny the allegations set forth in Paragraph "116" of the Complaint.

117. Defendants deny the allegations set forth in Paragraph "117" of the Complaint.

118. Defendants deny the allegations set forth in Paragraph "118" of the Complaint.

119. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "119" of the Complaint.

120. Defendants deny the allegations set forth in Paragraph "120" of the Complaint.

121. Defendants admit the allegations set forth in Paragraph "121" of the Complaint.

122. Defendants deny the allegations set forth in Paragraph "122" of the Complaint.

123. Defendants deny the allegations set forth in Paragraph "123" of the Complaint.

124. Defendants deny the allegations set forth in Paragraph "124" of the Complaint except admit that Plaintiff was removed from her classroom duties.

125. Defendants deny the allegations set forth in Paragraph "125" of the Complaint.

126. Defendants deny the allegations set forth in Paragraph "126" of the Complaint.

127. Defendants deny the allegations set forth in Paragraph "127" of the Complaint.

128. Defendants deny the allegations set forth in Paragraph "128" of the Complaint.

129. Defendants deny the allegations set forth in Paragraph "129" of the Complaint.

130. Defendants deny the allegations set forth in Paragraph "130" of the Complaint except admit that 3020-a charges were brought against Plaintiff.

131. Defendants deny the allegations set forth in Paragraph "131" of the Complaint.

132. Defendants deny the allegations set forth in Paragraph "132" if the Complaint.

133.   Defendants deny the allegations set forth in Paragraph "133" of the Complaint.

134.   Defendants deny the allegations set forth in Paragraph "134" of the Complaint.

135.   Defendants deny the allegations set forth in Paragraph "135" of the Complaint.

136.   Defendants deny the allegations set forth in Paragraph "136" of the Complaint.

137.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "137" of the Complaint.

138.   Defendants deny the allegations set forth in Paragraph "138" of the Complaint.

139.   Defendants deny the allegations set forth in Paragraph "139" of the Complaint.

140.   Defendants deny the allegations set forth in Paragraph "140" of the Complaint except admit that Plaintiff's 3020-a hearing is ongoing and that Defendants Cantore, Russo, Teemer, Pipitone, and D'Alessio have offered testimony in that hearing.

### AS AND FOR PLAINTIFF'S FIRST COUNT
### (RETALIATION UNDER THE ADA AGAINST THE DISTRICT)

141.   Defendants refer to their responses to Paragraphs "1" through "140" of the Complaint.

142.   The allegations set forth in Paragraph "142" of the Complaint constitute a legal conclusion to which no response is required.

143.   The allegations set forth in Paragraph "143" of the Complaint constitute a legal conclusion to which no response is required.

144.   The allegations set forth in Paragraph "144" of the Complaint constitute a legal conclusion to which no response is required.

145.   Defendants deny the allegations set forth in Paragraph "145" of the Complaint.

146.   Defendants deny the allegations set forth in Paragraph "146" of the Complaint.

147.   Defendants deny the allegations set forth in Paragraph "147" of the Complaint.

148.    Defendants deny the allegations set forth in Paragraph "148" of the Complaint.

149.    Defendants deny the allegations set forth in Paragraph "149" of the Complaint.

150.    Defendants deny the allegations set forth in Paragraph "150" of the Complaint.

151.    Defendants deny the allegations set forth in Paragraph "151" of the Complaint except admit that Plaintiffs purport to seek relief for the damages set forth therein.

152.    Defendants deny the allegations set forth in Paragraph "152" of the Complaint except admit that Plaintiff purports to seek the relief set forth therein.

**AS AND FOR PLAINTIFF'S SECOND COUNT
(RETALIATION UNDER THE REHABILITATION
ACT AGAINST THE DISTRICT)**

153.    Defendants refer to their responses to Paragraphs "1" through "152" of the Complaint.

154.    The allegations set forth in Paragraph "154" of the Complaint constitute a legal conclusion to which no response is required.

155.    The allegations set forth in Paragraph "155" of the Complaint constitute a legal conclusion to which no response is required.

156.    The allegations set forth in Paragraph "156" of the Complaint constitute a legal conclusion to which no response is required.

157.    Defendants deny the allegations set forth in Paragraph "157" of the Complaint.

158.    Defendants deny the allegations set forth in Paragraph "158' of the Complaint.

159.    Defendants deny the allegations set forth in Paragraph "159" of the Complaint.

160.    Defendants deny the allegations set forth in Paragraph "160" of the Complaint.

161.    Defendants deny the allegations set forth in Paragraph "161" of the Complaint.

162.    Defendants deny the allegations set forth in Paragraph "162" of the Complaint.

163.    Defendants deny the allegations set forth in Paragraph "163" of the Complaint except admit that Plaintiff purports to seek recovery for the injuries alleged therein.

164.   Defendants deny the allegations set forth in Paragraph "164" of the Complaint except admit that Plaintiff purports to seek the relief set forth therein.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(RETALIATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW**
**AGAINST THE DISTRICT)**

165.   Defendants refer to their responses to Paragraphs "1" through "164" of the Complaint.

166.   The allegations set forth in Paragraph "166" of the Complaint constitute a legal conclusion to which no response is required.

167.   The allegations set forth in Paragraph "167" of the Complaint constitute a legal conclusion to which no response is required.

168.   The allegations set forth in Paragraph "168" of the Complaint constitute a legal conclusion to which no response is required.

169.   Defendants deny the allegations set forth in Paragraph "169" of the Complaint.

170.   Defendants deny the allegations set forth in Paragraph "170" of the Complaint.

171.   Defendants deny the allegations set forth in Paragraph "171" of the Complaint except admit Plaintiffs seek the relief set forth therein.

172.   Defendants deny the allegations set forth in Paragraph "172" of the Complaint.

173.   Defendants deny the allegations set forth in Paragraph "173" of the Complaint.

174.   Defendants deny the allegations set forth in Paragraph "174" of the Complaint.

175.   Defendants deny the allegations set forth in Paragraph "175" of the Complaint except admit that Plaintiff purports to seek relief for the injuries alleged therein.

176.   Defendants deny the allegations set forth in Paragraph "176" of the Complaint except admit that Plaintiff purports to seek the relief set forth therein.

**AS AND FOR PLAINTIFF'S FOURTH COUNT (AIDING AND
ABETTING RETALIATION UNDER THE NEW YORK STATE
HUMAN RIGHTS LAW AGAINST CANTORE, BERGER, RUSSO, TEEMER,
PIPITONE, LOPEZ, D'ALESSIO AND WEISS)**

177.    Defendants refer to their responses to Paragraphs "1" through "177" of the
Complaint.

178.    Defendants deny the allegations set forth in Paragraph "178" of the Complaint.

179.    Defendants deny the allegations set forth in Paragraph "179" of the Complaint.

180.    Defendants deny the allegation set forth in Paragraph "180" of the Complaint.

181.    Defendants deny the allegations set forth in Paragraph "181" of the Complaint.

182.    Defendants deny the allegations set forth in Paragraph "182" of the Complaint.

183.    Defendants deny the allegations set forth in Paragraph "183" of the Complaint.

184.    Defendants deny the allegations set forth in Paragraph "184" of the Complaint.

185.    The allegations set forth in Paragraph "185" of the Complaint constitute a legal
conclusion to which no response is required.

186.    Defendants deny the allegations set forth in Paragraph "186" of the Complaint
except admit that Plaintiff purports to seek relief for the injuries alleged therein.

187.    Defendants deny the allegations set forth in Paragraph "187" of the Complaint
except admit that Plaintiff purports to seek relief for the injuries alleged therein.

**AS AND FOR PLAINTIFF'S FIFTH COUNT (INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS AGAINST CANTORE, BERGER, RUSSO,
TEEMER, PIPITONE, LOPEZ, D'ALESSIO AND WEISS)**

188.    Defendants refer to their responses to Paragraphs "1" through "188" of the
Complaint.

189.    Defendants deny the allegations set forth in Paragraph "189" of the Complaint.

190.    Defendants deny the allegations set forth in Paragraph "190" of the Complaint.

191.    Defendants deny the allegations set forth in Paragraph "191" of the Complaint.

192.     Defendants deny the allegations set forth in Paragraph "192" of the Complaint.

193.     Defendants deny the allegations set forth in Paragraph "193" of the Complaint.

194.     Defendants deny the allegations set forth in Paragraph "194" of the Complaint except admit that Plaintiff purports to seek relief for the injuries alleged therein.

**AS AND FOR A FIRST**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

195.     The Complaint fails to state a cause of action, either under Federal or State law, upon which relief can be granted against the answering Defendants.

**AS AND FOR A SECOND**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

`       196.     That the individual Defendants enjoy qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities.

**AS AND FOR A THIRD**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

197.     That answering Defendants' conduct did not violate clearly established Constitutional or statutory rights of which a reasonable person would have known and Defendants had an objectively reasonable belief that their conduct did not violate Plaintiff's rights.

**AS AND FOR A FOURTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

198.     Answering Defendants did not act maliciously or with ill will toward the Plaintiff.

**AS AND FOR A FIFTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

199.     The answering defendants did not make a deliberate decision to deprive the Plaintiffs of any rights.

**AS AND FOR A SIXTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

200.    That Plaintiffs' Constitutional rights were not violated pursuant to a policy,

practice, patter or custom of the answering Defendants and Teemer, Pipitone, Lopez, and

D'Alessio were not policymaking officials whose actions may be attributed to the answering

Defendants.

**AS AND FOR A SEVENTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

201.    The Plaintiff has not exhausted her administrative remedies.

**AS AND FOR AN EIGHTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

202.    That answering Defendants at all times relative to Plaintiff's Complaint fully

complied with all provisions of the Constitution of the United States, the Constitution of the

State of New York and all applicable laws, statutes, rules and regulations.

**AS AND FOR A NINTH**
**SEPARATE AND COMPLETEAFFIRMATIVE DEFENSE**

203.    Plaintiff has failed to mitigate damages.

**AS AND FOR A TENTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

204.    Plaintiff's claims are barred in whole, or in part, by the statute of limitations, res

judicata, collateral estoppel or a combination of all or any doctrine

**AS AND FOR AN ELEVENTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

205.    Plaintiffs' injuries, if any, were not proximately caused by any acts or omissions

of the answering defendants.

**AS AND FOR A TWELFTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

206.    The answering defendants did not act with deliberate indifference or reckless

disregard for any of the plaintiffs' protected rights.

### AS AND FOR A THIRTEENTH
### SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

207.    The defendants at all times relative to the plaintiffs' Complaint fully complied with

all provisions of the Constitution of the United States, the Constitution of the State of New York,

Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, and all

applicable laws, statutes, rules and regulations.

### AS AND FOR A FOURTEENTH
### SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

208.    That the plaintiff is not entitled to punitive damages based on the fact that the

Complaint fails to plead any facts sufficient to warrant such relief.

### AS AND FOR A FIFTEENTH
### SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

209.    Plaintiff's claim for punitive damages violates, and is therefore barred by the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of

America on grounds including the following:

(a)      It is a violation of the Due Process of Equal Protection Clauses of the Fourteenth
Amendment of the United States Constitution to impose punitive damages, which are penal in
nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less
than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      The procedure pursuant to which punitive damages are awarded may result in the
award of joint and several judgments against multiple defendants for different alleged acts of
wrongdoing, which infringes the Due Process of Equal Protection Clause of the Fourteenth
Amendment of the United States Constitution;

(c)      The procedures pursuant to which punitive damages are awarded fail to provide a
reasonable limit on the amount of the award against defendant, which thereby violates the Due
Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)      The procedures pursuant to which punitive damages are awarded fail to provide
specific standards for the amount of the award of punitive damages which thereby violates the
Due Process Clause of the United States Constitution;

(e)      The procedures pursuant to which punitive damages are awarded result in the
imposition of different penalties for the same or similar acts, and thus violate the Equal

Protection Clause of the Fourteenth Amendment of the Unites States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(h)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## AS AND FOR A SIXTEENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

210.     Plaintiff's claim for punitive damages violates, and is therefore barred by the

following provision of the Constitution of the State of New York, N.Y. Const. Art.  I, §5, N.Y.

Const. art.  I, §6, N.Y. Const. Art.  I, §6 and N.Y. Const. Art.  I, §12 on grounds including the

following:

(a)     It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g)     The procedures pursuant to which punitive damages are awarded permit the

imposition of excessive fines;

(h)    The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of the law; and

(i)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

**AS AND FOR A SEVENTEENTH
SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

211.    The plaintiff failed to satisfy certain conditions precedent before filing this action against the answering defendants.

**AS AND FOR AN EIGHTEENTH
SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

212.    The answering defendants were not motivated by an intention to discriminate on the basis of impermissible considerations, to punish or inhibit the exercise of Constitutional rights, or by a malicious or bad faith intent to injure the plaintiffs.

**AS AND FOR A NINETEENTH
SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

213.    There is no individual liability pursuant to the Americans with Disabilities Act.

**AS AND FOR A TWENTIETH SEPARATE
AND COMPLETE AFFIRMATIVE DEFENSE**

214.    All actions taken by the defendants with respect to plaintiffs' employment were based solely on legitimate, non-retaliatory reasons.

**AS AND FOR A TWENTY-FIRST SEPARATE
AND COMPLETE AFFIRMATIVE DEFENSE**

215.    Any liability of the defendants for monetary relief should be mitigated, and any responsibility on the part of the defendants for equitable relief should be barred, by after-acquired evidence of plaintiffs' misconduct during their employment with the defendants.

**AS AND FOR A TWENTY-SECOND SEPARATE
AND COMPLETE AFFIRMATIVE DEFENSE**

216.    The plaintiffs' actions may be barred by the equitable doctrines of waiver, estoppel,

and unclean hands.

## AS AND FOR A TWENTY-THIRD SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

217.    The defendants' actions were not motivated, in whole or in part, by plaintiffs' alleged speech.

## AS AND FOR A TWENTY-FOURTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

218.    The plaintiff's alleged speech was made pursuant to her official duties, and therefore, was not constitutionally protected.

## AS AND FOR A TWENTY-FIFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

219.    The plaintiff was not engaged in any activity protected under Section 504 of the Rehabilitation Act and/or the Americans with Disabilities Act.

## AS AND FOR A TWENTY-SIXTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

220.    The plaintiff did not oppose any act or practice made unlawful by Section 504 or the Rehabilitation Act and/or the Americans with Disabilities Act, and did not make a charge, testify, assist, or participate in any manner in an investigation, proceeding, hearing under either act.

## AS AND FOR A TWENTY-SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

221.    Even if the plaintiff can prove her protected speech or conduct played a role in the adverse action, defendants would have reached the same decision even in the absence of the protected speech or conduct.

## AS AND FOR A TWENTY –EIGHTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

222.    Defendants Cantore, Berger, Russo, Teemer, Pipitone, Lopez, D'Alessio, and Weiss did not engaged in extreme and outrageous conduct.

## **DEMAND FOR A JURY TRIAL**

223.     Defendants, LONG BEACH CITY SCHOOL DISTRICT, SABRINA CANTORE, RANDIE BERGER, VINCENT RUSSO, AMY TEEMER, KRISTEN PIPITONE, RAQUEL LOPEZ, DANA D'ALESSIO and DAVID WEISS, demand a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

That by reason of this action, said answering defendants have been and will be put to costs and expenses including attorney's fees.

**WHEREFORE**, answering defendants, LONG BEACH CITY SCHOOL DISTRICT, SABRINA CANTORE, RANDIE BERGER, VINCENT RUSSO, AMY TEEMER, KRISTEN PIPITONE, RAQUEL LOPEZ, DANA D'ALESSIO and DAVID WEISS, demand judgment dismissing the Complaint herein, and costs, fees and disbursements incurred in this action.

Dated:  White Plains, New York
        September 2, 2016

Respectfully Submitted,

**SILVERMAN & ASSOCIATES**

By: _____
Lewis R. Silverman
Gerald S. Smith
Attorneys for Defendants,
445 Hamilton Avenue, Suite #1102
White Plains, New York 10601
(914) 574-4510

TO:   Stagg, Terenzi, Confusione & Wabnik, LLP
Attorneys For Plaintiffs
Attn:   Debra L. Wabnik
        David R. Erlich
401 Franklin Avenue, Suite 300
Garden City, NY 11530
(516) 812-4500